24CA1816 Hussein v UCHealth 05-22-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1816
City and County of Denver District Court No. 24CV506
Honorable Sarah B. Wallace, Judge

Abdelraziq Hussein,

Plaintiff-Appellant,

v.

UCHealth,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

Abdelraziq Hussein, Pro Se

Klein Cook Olson, LLC, Angela Lund Klein, Amy Cook Olson, Grant E. Hogan,
Littleton, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Abdelraziq Hussein, appeals the district court's order granting the motion to dismiss under C.R.C.P. 12(b)(5) filed by defendant, UCHealth.  We affirm.

## I.     Background

¶ 2     Hussein filed a complaint pro se against UCHealth in June 2024.  His complaint alleged:

>   1) Because the pharmacy the problem the first problem is pharmacy because
>
>   2) I've been there I have a medicine to pick up the medicine and medicine
>
>   3) All that has happened because the pharmacy
>
>   4) I've been another surgery because the pharmacy because I missed the medicine
>
>   5) I lose four months is my job and everything is being crazy for me.

UCHealth moved to dismiss Hussein's complaint under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted.[1]  UCHealth argued that Hussein's claims were illegible, were unintelligible, and failed to assert a plausible claim or

---

[1] The motion to dismiss cited to C.R.C.P. 12(b)(6), but it substantively argued for dismissal under Rule 12(b)(5) and did not name a party that should have been joined.  We therefore view this citation as a scrivener's error.

allegation.  UCHealth also argued that the complaint did not assert claims against a legal entity because the named defendant, UCHealth, is a trademark, not a stand-alone legal entity that could be sued.

¶ 3     After considering Hussein's complaint and response to the motion to dismiss, the district court concluded that it was "unable to discern any possible legal cause of action under which Hussein would be entitled to relief under the law" and that he had not "identified any valid legal claims these allegations would support in his Response."  The district court granted the motion to dismiss under C.R.C.P. 12(b)(5).  It also agreed that Hussein's complaint should be dismissed for failure to name a legal entity against whom he could assert a claim.

¶ 4     Hussein filed a handwritten motion to reopen the case, which the district court denied.

¶ 5     On appeal, Hussein claims that the district court erred by "closing the case before hearing from [him]" and that the court failed to fully consider his case.

## II. Analysis

### A. The Motion to Dismiss

¶ 6 Hussein argues that the district court erred by dismissing his case without giving him the chance to explain what occurred at a hearing. We disagree.

#### 1. Standard of Review

¶ 7 Because Hussein represented himself throughout the proceeding, we liberally interpret his complaint and response to UCHealth's dismissal motion. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11; *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010). While we broadly construe his underlying allegations, Hussein's status as a self-represented litigant does not excuse his noncompliance with the procedural rules that all parties, whether self-represented or represented by counsel, must follow. *See Al-Hamim,* ¶ 11; *In re Marriage of Wright,* 2020 COA 11, ¶ 33.

¶ 8 "We review a C.R.C.P. 12(b)(5) motion to dismiss de novo and apply the same standards as the trial court." *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. In doing so, we accept all factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party to determine

whether the plaintiff alleged "sufficient facts that, if taken as true, show plausible grounds to support a claim for relief." *Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys.*, 2022 CO 54, ¶ 25. We will uphold a grant of a C.R.C.P. 12(b)(5) motion to dismiss only when the plaintiff's factual allegations do not, as a matter of law, support the claim for relief. *Norton*, ¶ 7.

¶ 9     To survive a motion to dismiss under C.R.C.P. 12(b)(5), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Warne v. Hall*, 2016 CO 50, ¶ 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While a complaint does not need to contain detailed factual allegations, a plaintiff must identify the grounds on which they are entitled to relief and cannot simply provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678.  A complaint is therefore insufficient and falls short of plausibility if it provides only assertions without "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Finally, "[w]hen considering a motion to dismiss for failure to state a claim, we may consider the facts alleged in the pleadings,

documents attached as exhibits or incorporated by reference, and matters proper for judicial notice." *Norton*, ¶ 7.

### 2.    Discussion

¶ 10    While we liberally construe Hussein's complaint and its allegations, we perceive no legal cause of action that would entitle him to relief under the law.  Hussein's complaint listed the five conclusory allegations provided above.  However, he did not identify the pharmacy that failed to provide his medication, the medication he was refused, the reasons provided by the pharmacy for refusing the medication, the individual(s) with whom he spoke, or any facts or timeline linking the refused medication to his subsequent surgeries.  Nor did he attach any exhibits, incorporate any documents by reference, or ask the district court to take judicial notice of any matters.  And, most critically, he did not assert any legal claims based on the refusal of the medication.

¶ 11 Therefore, because Hussein failed to state any plausible claim for relief, the district court properly dismissed his case under C.R.C.P. 12(b)(5).[2]

### B. Hussein's Remaining Claims

¶ 12 In his opening brief, Hussein sets forth his statement of the case, which can be summarized as follows: Hussein suffers from Crohn's disease. UCHealth's pharmacy made a mistake, which deprived him of his necessary medication for six months. Because UCHealth failed to provide his medication, he had to undergo two surgeries and was unable to work for four months. His extended absence from work caused significant financial hardship and anxiety.

¶ 13 Hussein raises the following issues on appeal: "(1) '[r]efusal of [m]edicine'; (2) '[t]wo [s]urgeries [d]ue to [l]ack of [m]edicine'; and (3) '[s]evere [d]amage, [o]ff [w]ork for 4 [m]onths'". He asks the court to

---

[2] Having already determined that Hussein's case was properly dismissed under C.R.C.P. 12(b)(5), we need not address the district court's alternate reason for dismissing the complaint for failure to name a proper defendant. For the same reason, we decline to address UCHealth's argument that the case should be dismissed under section 13-20-602, C.R.S. 2024, for Hussein's failure to provide a certificate of review within sixty days of serving a complaint against a medical provider.

"reopen his case" so that he can "fully present [his] arguments, evidence, and request for compensation."

¶ 14    We decline this request because Hussein had the opportunity to present and develop these claims as factual allegations in his complaint.  Hussein cannot rely on the factual allegations cited in his opening brief that were never included in his complaint.  *See, e.g., Houser v. CenturyLink, Inc.*, 2022 COA 37, ¶ 12 (declining to consider assertions of fact contained in opening brief that were not included in the underlying complaint).

¶ 15    Moreover, Hussein's claims are unpreserved.  A claim is preserved if the district court was presented with "an adequate opportunity to make findings of fact and conclusions of law" on the issue.  *Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 35 n.3 (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004)) (*cert. granted* July 1, 2024).  The purpose of this requirement is "to permit the trial court to accurately evaluate the legal issues." *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322, 1330 (Colo. 1986).

¶ 16    Because the district court was never given the opportunity to consider the specific issues Hussein now raises on appeal, they are unpreserved, and we may not consider them.  *See Madalena v.*

7

*Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 (noting that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal).

## III. Disposition

¶ 17    We affirm.

JUDGE FREYRE and JUDGE GOMEZ concur.